UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL K. PORTER,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>HOWARD et al.,<br><br>　　　　　　　　　　　　Defendants. | CASE NO. 10cv1817 JLS (PCL)<br><br>**ORDER SUBMITTING DEFENDANTS' MOTION TO DISMISS AND STRIKE FIRST AMENDED COMPLAINT;**<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR EXTENSION OF TIME TO PREPARE RESPONSE AS MOOT; and**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ACCESS TO THE COURTS**<br><br>**(Doc. Nos. 37; 41.)** |

**ORDER SUBMITTING DEFENDANTS' MOTION TO DISMISS**

On January 10, 2011, Defendants filed a Motion to Dismiss and Strike First Amended Complaint on grounds that Plaintiff failed to exhaust administrative remedies prior to filing the First Amended Complaint and Plaintiff fails to state a claim upon which relief can be granted. (Doc. No. 27 at 2.) On February 4, 2011, Plaintiff filed a Response in Opposition to Defendants' Motion to Dismiss (Doc. No.

30) to which Defendants have replied. (See Doc. No. 31.) The Motion to Dismiss is hereby SUBMITTED on the papers and the hearing date of February 25, 2011 is VACATED.

**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR EXTENSION OF TIME TO PREPARE RESPONSE AS MOOT**

The Court is in receipt of Plaintiff's Ex Parte Application for Extension of Time to Prepare Response. (Doc. No. 37.) At this time, the Court notes Plaintiff's Response in Opposition to Defendant's Motion to Dismiss was filed on February 4, 2011, and no other responses are required from Plaintiff at this time. (See Doc. No. 30.) As such, Plaintiff's Ex Parte Application is denied as MOOT.

**ORDER DENYING PLAINTIFF'S MOTION FOR ACCESS TO THE COURTS**

The Court is also in receipt of Plaintiff's Motion for Access to the Courts. (Doc. No. 41.) Plaintiff requests, among other things: (1) electronic delivery of cases and statutes with commentary (Doc. No. 41 at 1); (2) for the "Court to come up with solution" (Id. at 41.); and (3) "for Judge to send copy of Amended Complaint to following news agencies." (Doc. No. 41-2 at 1.) Because the crux of Plaintiff's requests is some form of aid in the litigation of Plaintiff's claims, the Court addresses Plaintiff's requests as a Motion for Access to the Courts. (Doc. No. 41.)

In Bounds v. Smith, 430 U.S. 817 (1977), the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons who are trained in the law." Id. at 828.[1] Further, the right of access is only guaranteed for certain types of claims: direct and collateral attacks upon a conviction or sentence, and civil rights actions challenging the conditions of confinement. Lewis v. Casey, 518 U.S. 343, 354

---

[1] The Court recently revisited and significantly limited Bounds in Lewis v. Casey, 518 U.S. 343 (1996). In Lewis, the Arizona Department of Corrections ("ADOC") appealed an injunction imposed by the District Court for the District of Arizona -- upheld by the Ninth Circuit -- requiring the ADOC to significantly upgrade their law library facilities. Justice Scalia, writing for the majority, reversed because of the failure to find imminent actual injury resultant from existing conditions. Id. at 349-353 & n.3. As such, Lewis is a significant reshaping of the right of access to the courts in two respects: the clarification that every such claim must be founded upon actual injury, and the restriction of the scope of the right to only certain types of claims.

1 | (1996). Even within these boundaries, the right does not require prison officials to provide materials
2 | beyond those that would enable a prisoner to bring their grievance before the Court. "Impairment of
3 | any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences
4 | of conviction and incarceration." Id. at 355.
5 |      Although the Court is sympathetic to Plaintiff's requests, it is not the Court's responsibility to aid
6 | Plaintiff in the litigation of his claims. Plaintiff has not shown instances which would give rise to a
7 | constitutional claim such as "a complaint he prepared was dismissed" because he was unable to gain
8 | library access, or that he was "so stymied" by inadequate law library access that "he was unable to even
9 | file a complaint." Id. at 351. Moreover, Plaintiff appears to receive adequate library access and the
10 | same legal services as does any other incarcerated Plaintiff litigating the same types of claims. (See
11 | Doc. No. 37.) As such, Plaintiff's Motion for Access to the Courts is DENIED.
12 |      IT IS SO ORDERED.
13 | DATED: February 23, 2011

                                               Peter C. Lewis
                                               U.S. Magistrate Judge
                                               United States District Court