IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SAMUEL KENNETH PORTER,** | Case No. 10cv1817 JLS (PCL) |
| Plaintiff, | **ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** |
| **v.** | |
| **NURSE HOWARD, et al.** | |
| Defendants. | **(Docs. 11, 20)** |

## INTRODUCTION

Plaintiff Samuel Kenneth Porter, a state prisoner proceeding pro se and in forma pauperis, filed a civil rights complaint under 42 U.S.C. § 1983 on August 30, 2010. (Doc. 1.) On November 3, 2010, Plaintiff filed a Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1). (Doc. 11.) On December 17, 2010, Plaintiff filed a second Motion for Appointment of Counsel. For the reasons set forth below, Plaintiff's Motions for Appointment of Counsel are **DENIED**.

## DISCUSSION

29 U.S.C. §1915(e)(1) confers on a district court the discretion to designate counsel to represent an indigent civil litigant. <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1236, (9th Cir. 1984). However, the district court may do so only under "exceptional circumstances." <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision." <u>Id.</u>

1    (citing Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

2         In support of his first Motion for Appointment of Counsel, Plaintiff asserts the following:

3    (1) he is unable to afford an attorney; (2) his incarceration will limit his ability to research and

4    litigate the issues involved; (3) a lawyer will better enable him to examine and cross-examine

5    witnesses at trial; (4) counsel will enable him to develop the factual basis for his claims by

6    obtaining and presenting evidence; and (5) he has attempted but been unable to obtain counsel.

7    (Doc. 11, at 1-2.) In support of his second Motion for Appointment of Counsel, Plaintiff

8    reasserts the above and further asserts that he becomes emotional when attempting to articulate

9    his claims in writing and that actions of prison officials prevent him from effectively maintaining

10   his claims. Plaintiff further asserts that an attorney will enable him to obtain an investigation of

11   his § 1983 claims. (Doc. 20, at 1-4.)

12        Despite his inability to afford an attorney, Plaintiff has failed to demonstrate "exceptional

13   circumstances." While plaintiff lacks legal education, he has demonstrated, through his motions

14   and other pleadings, adequate ability to articulate his claims and form responsive pleadings. This

15   is particularly true in light of the liberal construction courts must accord *pro se* pleadings. See

16   Haines v. Kerner, 404 U.S. 519, 520 (1972). Specifically, despite his incarceration and claimed

17   lack of access to the library, Plaintiff's filings include legal citations in proper format, he has

18   filed original and amended complaints, motions for appointment of counsel, and opposition to

19   Defendants' Motion to Dismiss. In addition, many of Plaintiff's filings include memoranda of

20   points and authorities. Plaintiff's filings are formatted, titled, and addressed to the court. All of

21   these facts demonstrate that Plaintiff has adequate ability to conduct legal research and present

22   his claims to the court.

23        Plaintiff argues that counsel would enable him to investigate and develop the facts of his

24   case as well as"better enable" him to present evidence and cross examine witnesses. (Docs. 11 &

25   20.) However, the difficulties claimed by Plaintiff are difficulties which any litigant would have

26   in proceeding pro se they do not indicate exceptional factors. See Wood v. Housewright, 900 F.2d

27   1332, 1336. These are hardly extraordinary circumstances-they are present in almost every civil

28   trial. See Wilborn, 789 F.2d at 1331 ("If all that was required to establish successfully the

10 CV 1817 JLS(PCL)

1   complexity of the relevant issues was a demonstration of the need for development of further

2   facts, practically all cases would involve complex legal issues.").

3          Plaintiff has not demonstrated an inability to articulate his claims. Nor are Plaintiff's legal

4   claims, and the factual basis for those claims, so complex as to require the appointment of

5   counsel. Further, even if Plaintiff were to establish a likelihood of succeeding on the merits, this

6   factor alone is not sufficient to establish "exceptional circumstances." Accordingly, the Court

7   finds no "exceptional circumstances" to warrant a judicial request for counsel pursuant to 28

8   U.S.C. § 1915(e)(1).

9                                   **CONCLUSION**

10          Based upon the foregoing, the Court finds Plaintiff has failed to demonstrate that

11   exceptional circumstances exist so as to justify a judicial request for counsel pursuant to 28

12   U.S.C. § 1915(e)(1). Accordingly, Plaintiff's Motions for Appointment of Counsel are hereby

13   DENIED.

14   DATE: May 5, 2011

15   _____

16                                   U.S. Magistrate Judge
                                     United States District Court

17

18   cc:     The Honorable Janis L. Sammartino
             All Parties and Counsel of Record

19

20

21

22

23

24

25

26

27

28

10 CV 1817 JLS(PCL)