1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

10

SOUTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18
19

**SAMUEL K. PORTER,**

Plaintiff,

v.

**HOWARD et al.,**

Defendants.

CASE NO. 10cv1817 JLS (PCL)

**ORDER DENYING PLAINTIFF'S
2ND MOTION EX PARTE FOR
INADEQUATE ACCESS TO THE
COURTS AND OVERRULING
PLAINTIFF'S OBJECTIONS TO
MAGISTRATE'S SUBMITTING
THE DEFENDANTS' MOTION
TO DISMISS**

**(Doc. 49.)**

20
21
22
23
24
25

**ORDER DENYING PLAINTIFF'S PLAINTIFF'S 2ND MOTION EX PARTE FOR INADEQUATE
ACCESS TO THE COURTS AND OVERRULING PLAINTIFF'S OBJECTIONS TO
MAGISTRATE'S SUBMITTING THE DEFENDANTS' MOTION TO DISMISS**

26

**INTRODUCTION**

27

Plaintiff Samuel Kenneth Porter, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a

28

civil rights complaint under 42 U.S.C. §1983 on August 30, 2010. (Doc. 1.)  On March 21, 2011,

1                                                                   10cv1817 JLS

1   Plaintiff filed a "2nd Motion Ex Parte for Inadequate Access to the Courts."  (Doc. 49.)  Attached to that

2   motion was Plaintiff's "Objection to the Magistrates [sic] Submitting the Defendants [sic] Motion to

3   Dismiss With Admission by Defendants of Other Prescribed Administrative Remedies."  For the

4   following reasons Plaintiff's Motion is **DENIED** and Plaintiff's Objections are **OVERRULED**.

5

6                                               **DISCUSSION**

7        As a preliminary matter, this Court will construe Plaintiff's Motion for Inadequate Access to the

8   Courts as a Motion for Access to the Courts.  In support of his Motion for Access to the Courts, Plaintiff

9   states the law librarian informed him that certain cases could only be accessed on the internet.  (Doc. 49,

10   at 1.)  Plaintiff states that his inability to retrieve these cases impedes him from effectively prosecuting

11   his complaint and gives the opposing party an unfair advantage thereby violating the fundamental

12   fairness doctrine.  (Id.)  Plaintiff has not cited, nor can this Court find, any authority supporting the

13   notion that a case available in digital form only violates the fundamental fairness doctrine, even if the

14   digital form is unavailable to an inmate.  See James v. Adams, slip op., 2009 WL: 2905724, at *11 (E.D.

15   Cal. 2009) ("The standard for determining whether a persons conviction violates the fundamental fairness

16   guarantee of the Due Process clause is whether the action complained of . . . violates those fundamental

17   conceptions of justice which lie at the base of our civil and political institutions . . . and which define the

18   community's sense of fair play and decency.").

19        "[T]he right of access to the courts is only a right to bring petitions or complaints to the federal

20   court and not a right to discover such claims or even to litigate them effectively once filed with a court."

21   Giles v. Soto, slip op., 2011 WL 1344894 (2011) (citing Lewis v. Casey, 518 U.S. 343, 356-57 (1996)).

22   To maintain an access to the courts claim, an inmate must submit actual injury.  Id.  An actual injury is

23   defined as actual prejudice with respect to contemplated or existing litigation such as the inability to meet

24   a filing deadline or to present a claim.  Lewis, 518 U.S. at 348.  Plaintiff submits that his inability to

25   access certain cases prevents him from effectively litigating.  (Doc. 49, at 1.)  As the court stated in

26   Giles, however, an inmate is not guaranteed the right to effectively litigate.  Moreover, even if Plaintiff

27   were entitled to effectively litigate, he cannot demonstrate actual injury from the lack of the specific

28   cases he seeks because his inability to access these cases has not prevented him from bringing his claim.

1  Both cases requested by Plaintiff directly support Defendant's Motion to Dismiss, (doc. 27) for failure to

2  exhaust and for failure to state a claim.  See Sandrock v. Show, slip. op., 2010 WL 5114955 (S.D. Cal.

3  2010); and see Young v. Corr. Corp. of America, slip op., 2010 WL 1525983 (D. Mont. 2010).  Thus,

4  Plaintiff's inability to conduct exhaustive legal research fails to meet the "actual injury" test.

5  Accordingly, Plaintiff's Motion for Access to the Courts is DENIED.

6       Plaintiff's Objection to Magistrate's Submitting Defendants Motion to Dismiss with Admission by

7  Defendants of Other Administrative Remedies essentially duplicates the arguments put forth by Plaintiff

8  in the various papers he filed in opposition to Defendants' Motion to Dismiss.  (Docs. 30, 39, and 44.)

9  Plaintiff argues that the Prison Rape Elimination Act is an administrative remedy and therefore excuses

10  him from compliance with the Appeals Process afforded by the California Department of Corrections and

11  Rehabilitation.  These arguments have no merit.  Moreover, this Court has already issued its Report and

12  Recommendation on Defendants' Motion to Dismiss rendering Plaintiff's objections moot.  Accordingly,

13  Plaintiff's objections are OVERRULED.

14

15                       **CONCLUSION**

16       Accordingly, Plaintiff's Motion for Inadequate Access to the Courts is hereby **DENIED** and

17  Plaintiff's Objections are **DENIED.**

18

19      **IT IS SO ORDERED**.

20  DATED: June 20, 2011

21

22

23

24  _____

25  Peter C. Lewis
   U.S. Magistrate Judge
26  United States District Court

27

28

10cv1817 JLS