# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL K. PORTER,<br><br>　　　　　　　　　　Plaintiff,<br>　　vs.<br><br>MUABE HOWARD, HERNANDEZ, and CDCR,<br><br>　　　　　　　　　　Defendant. | CASE NO. 10CV1817 JLS (PCL)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>(ECF Nos. 27 & 57.) |

On November 23, 2010, Plaintiff filed his first amended complaint. (FAC, ECF No. 13.) The core cause of action asserts that Defendants violated Plaintiff's Eighth Amendment rights by causing other inmates to rape Plaintiff. (FAC 3–4.) The other cause of action builds on the rape allegations and asserts that Defendants violated Plaintiff's Fifth and Fourteenth Amendment rights by covering up the rape. (*Id.* 5.)

Defendants filed a motion to dismiss and motion to strike on January 10, 2011. After considering the briefing, Magistrate Judge Peter C. Lewis issued a Report and Recommendation recommending this Court grant Defendants' motion to dismiss and deny Defendants' motion to strike. (R&R, ECF No. 57.) Plaintiff timely filed his objections to the R&R. (Objection, ECF No. ##.) Defendants replied. (Reply, ECF No. 56.) After consideration, this Court **ADOPTS** the R&R, **GRANTS** Defendants' motion to dismiss, and **DENIES** Defendants' motion to strike.

///

**LEGAL STANDARD**

**1.     Review of the Report and Recommendation**

Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's report and recommendation. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980).

**2.     Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) allows a party to assert by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally known as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim" showing that the pleader is entitled to relief. Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, —U.S.— , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' for his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); see also Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a

1  defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S.
2  at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint.
3  *Id.* This review requires context-specific analysis involving the Court's "judicial experience and
4  common sense." *Id.* at 1950. "[W]here the well-pleaded facts do not permit the court to infer
5  more than the mere possibility of misconduct, the complaint has alleged- but it has not 'show[n]'-
6  'that the pleader is entitled to relief.'" *Id.*

7  When a court grants a motion to dismiss, the court should also grant leave to amend
8  "'unless [it] determines that the allegation of other facts consistent with the challenged pleading
9  could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658
10 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401
11 (9th Cir. 1986)). In other words, the Court may deny leave to amend if amendment would be
12 futile. See *Id.*; *Schreiber Distrib.*, 806 F.2d at 1401.

**ANALYSIS**

The causes of action in Plaintiff's FAC are based on his rape allegations. And in that context, Judge Lewis' R&R found that Plaintiff's claims failed because they were unexhausted. Judge Lewis recognized, however, that the FAC could also be interpreted to include 28 U.S.C. § 1983 claims regarding a failure to award Plaintiff his own prison cell. In that context, Judge Lewis found that Plaintiff failed to state a cause of action.

**I.    Exhaustion of the Rape Claims**

Judge Lewis found that Plaintiff failed to exhaust administrative remedies related to his rape claims and that Plaintiff was not excused from exhausting said remedies. (R&R 5–7.) As a result, Judge Lewis recommended that these claims be dismissed without prejudice. (*Id.* 9.)

Plaintiff objects on the basis that he should be excused from exhausting his administrative remedies. (Objection 6–15.) Plaintiff argues first that he did not exhaust his administrative remedies because the prison prevented him from doing so. (*Id.* 7–11.) Alternatively, Plaintiff argues that the prison failed to comply with the Prison Rape Elimination Act. (*Id.* 12–14.) Neither argument is convincing.

///

A plaintiff is excused from exhausting the prison grievance procedure if he is prevented from doing so by the prison itself. *Nunez v. Duncan*, 591 F.3d 1217, 1224–25 (9th Cir. 2010). If a plaintiff claims he was prevented from exhausting his claims because of threats from prison staff, he must show "(1) the threat actually did deter the plaintiff inmate from . . . pursuing a particular part of the process; and (2) the threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from . . . pursuing the part of the grievance process that the inmate failed to exhaust." *Turner v. Burnside*, 541 F.3d 1077, 1084–85 (11th Cir. 2008).

The Court finds that the prison did not actually deter Plaintiff from filing grievances regarding his alleged rape. Any failure to exhaust Plaintiff's rape claim was not caused by the prison.

Plaintiff paints a bleak picture. He alleges he was raped at Centinela State Prison on June 22, 2007. (Porter Decl., ECF No. 13.) After the rape, Defendants allegedly told him that they "had that done to [him] and not to mess with no warden." (Objection 8.) Defendant Howard then told Plaintiff that "we're going to keep you till the statute of limitations runs out." (*Id.*) And rapist enforcers allegedly went back to Plaintiff's cell and threatened him again. (*Id.*) Plaintiff asserts that this showed that "the prison would not let [him] report" the rape. (*Id.*)

Taking a step back reveals a different story. In the time between his alleged rape and when he was transferred out of Centinela State Prison, Plaintiff filed six grievances. (Loera Decl., ECF No. 27-4.) These grievances covered a variety of different matters including access to case information and records, trust account monies, and a damaged television. (*Id.*) None of the grievances mentioned rape.

Moreover, Plaintiff was transferred out of Centinela to Calipatria State Prison in June 2008. Once transferred, Plaintiff could have immediately filed grievances regarding the alleged rape at Centinela. And he could have done so without the alleged duress. But he didn't. Instead, Plaintiff waited until July 2009 to file a grievance containing any mention of the 2007 rape. And even then, the rape allegations were tertiary to Plaintiff's request for a single person cell.

///

///

1    The Court cannot conclude that the prison actually deterred Plaintiff from filing grievances
2 regarding his alleged rape.  Plaintiff filed six grievances after the alleged rape, none of which
3 mentioned the rape.  And after Plaintiff was transferred, he waited another year before mentioning
4 the rape allegations.  Thus, the Court concludes that Plaintiff's failure to file a grievance regarding
5 the alleged rape was not caused by the prison.

6    Plaintiff argues in the alternative that he is excused from exhausting his administrative
7 remedies because the prison failed to comply with the Prison Rape Elimination Act.  This
8 argument fails because it has no basis in law.  Under the Prison Litigation Reform Act, prison
9 regulations define the exhaustion requirements.  *Jones v. Block*, 549 U.S. 199, 218 (2007).  The
10 exhaustion requirements applicable here do not make Plaintiff's exhaustion burden contingent on
11 the prison complying with the Prison Rape Elimination Act.  Cal. Code Regs. tit. 15 § 3084.5.
12 Thus, any failure by the prison to comply with the Prison Rape Elimination Act cannot affect
13 Plaintiff's failure to comply with the exhaustion requirements.

14    The Court finds that Plaintiff is not excused from failing to exhaust his rape claims.  The
15 prison did not actually deter Plaintiff from filing grievances.  And any failures by the prison to
16 comply with the Prison Rape Elimination Act do not exempt Plaintiff from his burden to exhaust
17 his claims.  Having failed to properly exhaust the rape claims, Plaintiff's rape related claims are
18 **DISMISSED WITHOUT PREJUDICE**.

19 **II.    Prison Cell Claims**

20    Judge Lewis also construed Plaintiff's complaint as containing § 1983 claims "seeking
21 damages for failure of the C.D.C.R. [(California Department of Corrections and Rehabilitation)] to
22 provide a single cell to Plaintiff, for damages based on the alleged comments and statements made
23 by Defendants Howard and Hernandez to Plaintiff, or for injunctive relief ordering a single cell
24 going forward."  (R&R 9.)  After consideration, Judge Lewis found that Plaintiff failed to state a
25 claim. This Court agrees.  Plaintiff's § 1983 claims, regardless of the constitutional violations they
26 allege, fail because Defendants are immune from suit.

27    The Eleventh Amendment bars suits naming state agencies and departments as defendants.
28 *S. Pac. Transp. Co. v. City of Los Angeles*, 922 F.2d 498, 508 (9th Cir. 1990).  The C.D.C.R. is a

1  state agency. *See Taylor v. List*, 880 F.2d 1040, 1044 (9th Cir. 1989).

2  Defendants Howard and Hernandez are both sued in their official capacities. In an
3  official-capacity suit for damages, the plaintiff must demonstrate that a policy or custom of the
4  governmental entity of which the official is an agent played a part in the violation of federal law.
5  *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Plaintiff here fails to allege any policies or customs of the
6  C.D.C.R. that played a part in the violation of federal law. Thus any damages claim against
7  Howard and Hernandez in their official capacities fails. Insofar as there is a clam for injunctive
8  relief against Howard and Hernandez, Plaintiff is no longer incarcerated at the prison in which
9  Howard and Hernandez work. As a result, any claim for injunctive relief fails as well.

10  Any § 1983 claims against Defendants fail. The C.D.C.R. is immune to suit under the
11  Eleventh Amendment. And Defendants Howard and Hernandez, sued in their official capacities,
12  are immune to any damages claim. To the extent Plaintiff requests injunctive relief against
13  Howard and Hernandez, Plaintiff has been transferred to a different prison. Any § 1983 claims are
14  **DISMISSED WITHOUT PREJUDICE**.

15  **CONCLUSION**

16  For the reasons stated, the Court **ADOPTS** the R&R in full. Defendants' motion to strike
17  is **DENIED**, Defendants' motion to dismiss is **GRANTED**, and this action is **DISMISSED**
18  **WITHOUT PREJUDICE**. Any amended complaint **SHALL BE FILED** within 31 days of the
19  day this order is electronically docketed.

20  **IT IS SO ORDERED.**

22  DATED: July 29, 2011

23  Honorable Janis L. Sammartino
    United States District Judge