**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAMUEL K. PORTER,<br><br>              Plaintiff,<br><br>    vs.<br><br><br>HOWARD, et al.,<br><br>              Defendants. | CASE NO. 10cv1817 JLS (PCL)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL [Doc. 80.]<br><br>ORDER GRANTING EXTENSION OF TIME AND SETTING BRIEFING SCHEDULE [Doc. 82.]<br><br>ORDER DENYING MOTION FOR CONTINUANCE [Doc. 85.]<br><br>ORDER DENYING MOTION TO STAY [Doc. 87.] |

**ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL**

On October 20, 2011, Plaintiff filed a document titled "Motion for the Appointment of Counsel Due to Defendants Unwillingness to Disclose Incident Reports in Completed Form, Refusal to Accept Polygraph Challenge and Stipulation Even though they are Public/Civil Servants! Inability to Properly Investigate Claims" [Doc 80.] Plaintiff has filed two previous motions requesting appointment of counsel and both were denied. [Docs, 11, 20, 53.]

In the Motion presently under consideration, Plaintiff contends he is unable to afford counsel; that the issues involved are complex; that he needs a lawyer to "appoint to see psychologist for rape

and victim counseling as Defendants will not afford;" that he cannot obtain confidential documents; that he is at a disadvantage because prison staff use threats against him; and that "these are exceptional circumstances." [Doc. 80.] Plaintiff describes problems with "prison culture" and refers extensively to the Corcoran State Prison hearings from 1998. [Id.] In addition, Plaintiff reiterates a desire formerly expressed in his First and Second Amended Complaints as well as in his Motion to Compel Polygraph Testing, to compel prison staff to submit to polygraph testing. [Docs. 13, 73.]

29 U.S.C. §1915(e)(1) confers on a district court the discretion to designate counsel to represent an indigent civil litigant. Franklin v. Murphy, 745 F.2d 1221, 1236, (9th Cir. 1984). However, the district court may do so only under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Id. (citing Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). "Neither of these factors is dispositive and both must be viewed together before reaching a decision." Id.

As to likelihood of success, the District Court dismissed Plaintiff's First Amended Complaint ("FAC") for failure to exhaust administrative remedies and for failure to state a claim. [Doc. 64.] Plaintiff's Second Amended Complaint ("SAC") is substantially the same as the FAC. [Docs. 73, 13.] As a result, Plaintiff has not demonstrated a likelihood of success on the merits. In addition, Plaintiff has not demonstrated an inability to articulate his claims, nor has he demonstrated that the issues involved are complex.

Plaintiff's voluminous filings, while difficult to read, demonstrate that he is able to articulate his arguments to the court. Any difficulties Plaintiff is having in litigating his claim stem not from complexity of issues, but from the lack of merit in his contentions. For example, Plaintiff avers that an experienced lawyer would be able to obtain polygraph testing to prove that Plaintiff had exhausted his administrative remedies. [Doc. 80, at 17.] This Court previously denied Plaintiff's Motion for Polygraph testing, [doc. 58] and, in so doing, was unable to identify any authority that would support compelled polygraph testing of either Plaintiff or Defendants. Therefore, it is unlikely that an experienced lawyer would be of any assistance to Plaintiff in obtaining such testing. Moreover,

1  elsewhere in his filings, Plaintiff claims that Defendants have indicated a willingness to submit to such
2  testing. [Doc. 85.] Plaintiff is welcome to engage an examiner to administer such tests as the prison
3  permits, however, it is not the province of this court to furnish, via tax dollars, such items.

4  Finally, though Plaintiff claims that the issues in his case are complex, this is simply not the
5  case. At best, Plaintiff presents the argument that he is having difficulty investigating his claims. *Pro*
6  *se* litigants are seldom in the position to easily investigate the facts necessary to support their cases,
7  however, the need for development of further facts does not establish the complexity of relevant
8  issues. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). If this were so, then every
9  litigant pursuing a case requiring discovery would be entitled to counsel. Id. Litigants in civil suits
10 are simply not entitled to appointed lawyers for the purpose of *optimally* litigating their claims.

11 Plaintiff's Motion for Appointment of Counsel is DENIED.

## ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND SETTING BRIEFING SCHEDULE ON DEFENDANTS' MOTION TO DISMISS

14 Plaintiff has filed a Request for an Extension of Time to draft his opposition to Defendants'
15 Motion to Dismiss. [Doc. 82.] For good cause shown, Plaintiff's request for additional time is hereby
16 GRANTED.

17 Plaintiff must file his Opposition on or before **December 12, 2011**. Defendants must file any
18 reply by **December 19, 2011**. The hearing date of November 8, 2011 is VACATED. The matter will
19 be submitted on December 27, 2011 at 10:00 a.m..

## ORDER DENYING PLAINTIFF'S MOTION FOR A CONTINUANCE

21 Plaintiff has filed a Request for Continuance of 60 days. [Doc. 85.] In this request, Plaintiff
22 complains that (1) he is a layman, (2) he needs to conduct discovery, (3) has limited access to the
23 library, (4) wants to have himself and Defendants polygraph tested, (5) requires time to craft his
24 strategy and conduct research, and (6) that Defendants possess evidence he requires to present an
25 effective case. [Doc. 85.]

26 This Court is granting Plaintiff's request for an extension of time to file an Opposition,
27 therefore Plaintiff's Request for Continuance is DENIED as moot.

## ORDER DENYING PLAINTIFF'S MOTION TO STAY THE PROCEEDINGS

Plaintiff has filed a "Motion to Stop all Proceedings 'till Defendants Give the Complete and Full Copy of Incident Report." [Doc. 87.] In this document, Plaintiff alleges that Defendants are "withholding evidence" material as to the issue of whether Plaintiff exhausted his administrative remedies because they have not provided certain audio tapes nor an incident report/supplemental reports. [Id.] He alleges that these reports "were sabotaged" by prison staff and that he needs the materials, or "at least an acknowledgment" that Defendants possess them. [Id.]

Plaintiff then advances arguments more appropriate to his Motion for Appointment of Counsel. [Id.] Plaintiff also requests that Defendants give him the materials he claims they withheld or sabotaged, or in the alternative, that the Court appoint counsel. [Id.] Plaintiff goes on to cite authority from the Western District of Michigan in which the court appointed counsel in order to allow the Plaintiff access to confidential materials via his attorney. [Id., citing Johnson v. Howard, 20 F.Supp 2d 1128 (W.D. Mich. 1998).] The law in the Seventh Circuit is as follows, "exceptional circumstances [such that counsel may be appointed] exist where a prisoner acting *pro se* has made a colorable claim, but lacks the means to adequately investigate, prepare, or present it." Johnson, 20 F.Supp 2d 1128. The court in Johnson determined that the Plaintiff's claim was colorable because it had survived summary judgment. Id.

Despite his argument that the District Court found his claims colorable by granting him *in forma pauperis* status, Plaintiff has not presented a colorable claim, as demonstrated by the dismissal of his FAC. Further, even if he had, the law in the Ninth Circuit does not permit appointment of counsel to aid *pro se* civil litigants in the prosecution of their claims absent findings that the litigant is likely to succeed on the merits and is unable to articulate his claims *pro se* in light of the complexity of the issues involved. As discussed above, no such findings are warranted here.

Accordingly, Plaintiff's Motion to Stop all Proceedings is hereby DENIED.

IT IS SO ORDERED.

DATE: October 27, 2011.

_____
U.S. Magistrate Judge
United States District Court