**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAMUEL K. PORTER,<br><br>　　　　　　　　　Plaintiff,<br>　vs.<br><br>MUABE HOWARD, et al.,<br><br>　　　　　　　　　Defendants. | CASE NO. 10CV1817 JLS (PCL)<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION AND (2) GRANTING MOTION TO DISMISS**<br><br>(ECF Nos. 76, 106) |

Presently before the Court is Defendants California Department of Corrections and Rehabilitation ("CDCR"), L. Howard ("Howard"), A. Hernandez ("Hernandez"), and J. Ault's[1] ("Ault," and collectively "Defendants") Motion to Dismiss Plaintiff Samuel K. Porter's ("Porter") Second Amended Complaint ("SAC"). (Mot. to Dismiss, ECF No. 76) Also before the Court are Magistrate Judge Peter C. Lewis's Report and Recommendation (R&R) recommending the Court grant Defendants' motion to dismiss, (R&R, ECF No. 106), and Porter's objections to the R&R, (Obj., ECF No. 114).

Magistrate Judge Lewis's R&R contains a thorough and accurate recitation of the procedural history and facts underlying Porter's 42 U.S.C. § 1983 action. (R&R 1–4, ECF No. 106) The R&R also provides a comprehensive review of Porter's inmate grievances, relevant to the exhaustion issue. (*Id.* at 7–11) This Order incorporates by reference the facts as set forth in the R&R.

---

[1] By the time Magistrate Judge Lewis issued the Report and Recommendation, it was "not clear from the record that Defendant Ault ha[d] been served with a summons or copy of the SAC. However, Defendants [did] not dispute valid service and . . . included arguments specific to Ault in their Motion to Dismiss." (R&R 16 n.3, ECF No. 106) Since then, Ault has been served. (*See* ECF No. 115) Accordingly, the Court considers Defendants' motion to dismiss as having been brought on behalf of all Defendants, including Ault.

**LEGAL STANDARD**

**1. Review of the Report and Recommendation**

Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's R&R. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980). However, in the absence of a timely objection, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974)).

**2. Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts

1  pled "allow[] the court to draw the reasonable inference that the defendant is liable for the
2  misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  That is not to say that the claim must
3  be probable, but there must be "more than a sheer possibility that a defendant has acted
4  unlawfully." *Id.*  Facts "'merely consistent with' a defendant's liability" fall short of a plausible
5  entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557).  Further, the Court need not accept
6  as true "legal conclusions" contained in the complaint. *Id.*  This review requires context-specific
7  analysis involving the Court's "judicial experience and common sense." *Id.* at 679 (citation
8  omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere
9  possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is
10  entitled to relief.'" *Id.*  Moreover, "for a complaint to be dismissed because the allegations give
11  rise to an affirmative defense[,] the defense clearly must appear on the face of the pleading."
12  *McCalden v. Ca. Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990) (internal quotations omitted).

13  Relevant here, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-*
14  *Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in
15  civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  In giving liberal
16  interpretation to a pro se civil rights complaint, however, a court may not "supply essential
17  elements of the claim that was not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*,
18  673 F.2d 266, 268 (9th Cir. 1982).

19  Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court
20  determines that the allegation of other facts consistent with the challenged pleading could not
21  possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir.
22  1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.
23  1986)).  In other words, where leave to amend would be futile, the Court may deny leave to
24  amend. *See Desoto*, 957 F.2d at 658; *Schreiber*, 806 F.2d at 1401.

## ANALYSIS

26  Defendants argue that Porter's SAC should be dismissed because (1) Porter failed to
27  exhaust his administrative remedies; (2) CDCR is immune from liability; and (3) Porter has failed
28  to state a claim against Ault.  The Court considers each basis for dismissal in turn.

**1. Exhaustion of Administrative Remedies**

*A. Summary of R&R's Conclusions*

Following a thorough review of Porter's utilization of the inmate grievance procedure, Magistrate Judge Lewis determined that Porter failed to exhaust his administrative remedies. First, because the alleged rape occurred in 2007, the R&R concluded that the July 25, 2009, inmate grievance[2] was untimely because it was filed "long after the 15 day period provided in California prison regulations to file a grievance following an adverse event." (R&R 5, ECF No. 106); (*id.* at 12 (citing Cal. Code Regs. tit. 15, § 3084.6(c))). Second, even if the grievance had been timely, Magistrate Judge Lewis found it insufficient to satisfy the exhaustion requirement because it "did not give prison officials fair notice of the problem and an opportunity to correct the problem because it focused on Porter's desire for a single cell." (*Id.* at 5 (citing *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009))); (*id.* at 12–13)

Magistrate Judge Lewis further considered and rejected Porter's contention that he should be excused from the exhaustion requirement on the basis that his administrative remedies were effectively unavailable. (*Id.* at 13–15) The R&R notes that Porter had no trouble filing as many as thirty-two inmate appeals in the time period surrounding and including the alleged 2007 rape, and recounts Porter's own admission that he threatened and spit on prison staff, concluding that "Porter was not in the least bit intimidated by corrections officers." (*Id.* at 14) And Magistrate Judge Lewis rejected Porter's argument that the Prison Rape Elimination Act ("PREA"), 42 U.S.C. § 15601, *et seq.*, exempted Porter from the exhaustion requirement. (*Id.* at 15 ("California prison regulations clearly set out a grievance process, which does not include the PREA."))

Finally, the R&R further recommended that the SAC be dismissed with prejudice because "Porter's SAC makes clear that there is no set of facts that he can allege, which will overcome the lack of exhaustion." (R&R 15, ECF No. 106)

//

---

[2] Magistrate Judge Lewis restricted his exhaustion analysis to the July 25, 2009, inmate grievance because that was the only grievance of the many grievances Porter filed that mentioned rape. (R&R 5, ECF No. 106) Upon a review of the record and in light of the fact that Porter did not object to the R&R on this basis, the Court likewise restricts its analysis to the July 25, 2009, inmate grievance.

*B. Objections to the R&R's Conclusions*

The gravamen of Porter's objections to Magistrate Judge Lewis's R&R revolve around his view that the PREA provides its own administrative remedy that trumps the exhaustion requirement of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). (*See generally* Obj., ECF No. 114)[3] He asserts that from the PREA's adoption, "it can be inferred that the present administrative remedies of federal, state, and local prisons was (sic) not adequate," (*id.* at 1), and therefore the PREA "is the proper administrative remedy [illegible] was only available administrative remedy," (*id.* at 3). Moreover, Porter asserts that the PREA's administrative remedy was rendered unavailable to him "through the failure of C.D.C.R. (an agency that maintain[s] a zero-tolerance to prison rape) to investigate the allegation and to polygraph staff who threatened or may have threatened prisoner, their failure to bring photos of [illegible] and staff to be [illegible] identified." (*Id.* at 6)

*C. Analysis*

Porter does not object to Magistrate Judge Lewis's conclusion that the July 25, 2009, inmate grievance was untimely or that it failed to satisfy the exhaustion requirement, nor to the conclusion that Porter should not be excused from the exhaustion requirement because the inmate grievance procedure was effectively unavailable to him. Having reviewed these portions of the R&R, the Court finds that the R&R is thorough, well reasoned, and contains no clear error. Therefore, the Court focuses its analysis on Porter's PREA argument.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in cases covered by § 1997e(a) is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

Under the PLRA, prison regulations define the exhaustion requirements. *Jones v. Bock*, 549 U.S. 199, 218 (2007). California provides its prisoners and parolees the right to administratively appeal "any departmental decision, action, condition or policy perceived by those

---

[3] As Magistrate Judge Lewis noted with regard to Porter's opposition to the motion to dismiss, Porter's handwritten objections are difficult to decipher, and sometimes illegible. The Court has to the best of its ability carefully reviewed the objections and will construe them liberally.

individuals as adversely affecting their welfare." Cal. Code. Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). All administrative appeals are processed pursuant to this scheme "unless exempted . . . pursuant to court order or superseded by law or other regulations." Cal. Code Regs. tit. 15, § 3084.1.

Under this administrative scheme, unless the PREA supersedes the administrative scheme outlined in the applicable California regulations, Porter must have exhausted his administrative remedies as defined under the California regulations in order to bring the instant § 1983 lawsuit. Porter concedes that he has not. Moreover, the Court concludes that the PREA was not designed to supersede the California regulations governing prisoner grievances. The purposes of the PREA include, *inter alia*, establishing a zero-tolerance policy for prison rape, developing national standards for punishing perpetrators of prison rape, and increasing accountability for prison officials. 15 U.S.C. § 15602. Contrary to what Porter argues, the PREA does not mandate any particular administrative remedy. *See Woodford v. Ngo*, 548 U.S. 81, 118 (Stevens, J., dissenting) (stating tacitly that the PREA does not supersede state administrative remedies in discussing the potentially harsh consequences of the PLRA's exhaustion requirement under state prison grievance systems).

Indeed, this Court and Magistrate Judge Lewis have repeatedly informed Porter that any failure to comply with the PREA—assuming there was such a failure—does not exempt Porter from the PLRA's exhaustion requirement. (Order, July 29, 2011, at 5, ECF No. 64 ("[A]ny failure by the prison to comply with the Prison Rape Elimination Act cannot affect Plaintiff's failure to comply with the exhaustion requirements. . . . Any failures by the prison to comply with the Prison Rape Elimination Act do not exempt Plaintiff from his burden to exhaust his claims." )); (Mag. Order, June 20, 2011, at 3, ECF No. 59 ("Plaintiff argues that the Prison Rape Elimination Act is an administrative remedy and therefore excuses him from compliance with the Appeals

1  Process afforded by the California Department of Corrections and Rehabilitation.  These
2  arguments have no merit.")); (Mag. Order, June 14, 2011, at 7, ECF No. 57 ("[C]ompliance with
3  the PREA by the C.D.C.R. is not a prerequisite for the requirement that prisoners comply with the
4  PLRA by exhausting their administrative remedies prior to filing suit."))  Thus, Porter's objection
5  on this basis fails.

6  Because the PREA does not supersede California's administrative scheme, and because
7  Porter has not exhausted his administrative remedies under that scheme, the Court **ADOPTS**
8  Magistrate Judge Lewis's R&R and **GRANTS** Defendants' motion to dismiss for failure to
9  exhaust.  Further, the Court agrees that there is no set of facts that Porter could allege to overcome
10 the lack of exhaustion and therefore **DISMISS WITH PREJUDICE** Porter's SAC.

11 **2.  Eleventh Amendment Immunity**

12 Magistrate Judge Lewis held that "[t]he C.D.C.R. is immune from suit [under the Eleventh
13 Amendment], and therefore, Porter has not stated a claim against the C.D.C.R. and his claims
14 against it must be dismissed . . . ." (R&R 17–18, ECF No. 106)  Even construing Porter's
15 objections liberally, he does not object to Magistrate Judge Lewis's conclusion in the R&R that
16 CDCR is immune from suit under the Eleventh Amendment.  Having reviewed this portion of the
17 R&R, the Court finds that the R&R is thorough, well reasoned, and contains no clear error;
18 accordingly, the Court **ADOPTS** this portion of the R&R.  The CDCR, an agency of the State of
19 California, is not a "person" subject to suit under 42 U.S.C. § 1983 and is instead entitled to
20 absolute immunity from monetary damages actions under the Eleventh Amendment.  *See Seminole*
21 *Tribe of Fla. v. Florida*, 517 U.S. 44, 53–54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*,
22 465 U.S. 89, 106 (1984); *Hale v. State of Ariz.*, 993 F.2d 1387, 1398–99 (9th Cir. 1993) (holding
23 that a state department of corrections is not a "person" within the meaning of § 1983).

24 **3.  Failure to State a Claim**

25 Finally, Magistrate Judge Lewis recommended that the claims against Ault be dismissed
26 because they are insufficient to state a claim.  (R&R 17, ECF No. 106)  According to the R&R, the
27 only allegations in the SAC pertaining to Ault are that "after an interview with Porter, [Ault] stated
28 'they don't like what you're doing,' and 'I don't want nothing to do with this,'" but that Porter

failed to "link these utterances with any specific allegations that Ault was a member of any conspiracy." (*Id.* (citing SAC at 12, ECF No. 73))

Further, Magistrate Judge Lewis concluded that Porter's First Amendment claims should be dismissed because he "fail[s] to identify conduct by Defendants" and because the alleged conduct does not amount to a First Amendment violation. (*Id.* at 19)  And, the R&R states that "Porter's arguments that he was prevented from reporting the rape are contradicted by the facts in the record that are noticeable by this Court, namely Porter's extensive use of the grievance process for a variety of matters, as well as his statements that he threatened Defendants and spit at a prison nurse." (*Id.*)

Again, even viewing Porter's objections liberally, he in no way objects to Magistrate Judge Porter's recommendation to dismiss the claims asserted against Ault or to dismiss his First Amendment claims.  Having reviewed these portions of the R&R, the Court finds that the R&R is thorough, well reasoned, and contains no clear error; accordingly, the Court **ADOPTS** these portions of the R&R.

## CONCLUSION

For the reasons stated above, the Court **ADOPTS** the R&R in full.  Defendants' motion to dismiss is **GRANTED**.  Because the Court agrees with the R&R's finding that "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency"—namely, Porter's failure to exhaust his administrative remedies—the Court **DISMISSES WITH PREJUDICE** the SAC.  *DeSoto*, 957 F.2d at 658 (quoting *Schreiber Distrib. Co.*, 806 F.2d at 1401).

**IT IS SO ORDERED**.

DATED: July 10, 2012

Honorable Janis L. Sammartino
United States District Judge