IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SAMUEL KENNETH PORTER,**<br><br>Plaintiff,<br><br>v.<br><br>**NURSE HOWARD, et al.,**<br><br>Defendants. | Case No. 10-cv-1817-BAS-(PCL)<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

## I. INTRODUCTION

Samuel Kenneth Porter ("Plaintiff") is a state prisoner incarcerated at Calipatria State Prison, proceeding *pro se* and *in forma pauperis*. Plaintiff filed a Third Amended Complaint on August 15, 2013, alleging civil rights violations pursuant to the Civil Rights Act, 42 U.S.C. § 1983. (Doc. 135.) Now before the Court is the Defendants' Motion to Dismiss. (Doc. 150.)

The Honorable Cynthia Bashant referred the matter to the undersigned Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 72.1(c)(1)(d). After a thorough review of the pleadings and supporting documents, this Court recommends the Motion to Dismiss be **GRANTED**.

## II.  PROCEDURAL BACKGROUND

Plaintiff filed his original complaint, pursuant to the 42 U.S.C. § 1983, on August 30, 2010. In the original complaint, Plaintiff alleges that Defendants, acting in their official capacity and under color of law, orchestrated a rape of the Plaintiff in violation of: the Eighth Amendment's bar of cruel and unusual punishment; due process rights under the Fifth Amendment; and equal protection and due process of the Fourteenth Amendment. (Doc. 1.) Plaintiff requested: injunctive relief; damages in the sum of $2.5 million; punitive damages in the sum of $2.5 million; and future and exemplary damages in the sum of $500,000. (Id.)

On November 13, 2010, Plaintiff filed a First Amended Complaint ("FAC") against the same Defendants, with the same causes of action, and same requested relief. (Doc. 13.) Defendants filed a motion to dismiss and strike the FAC on January 10, 2011. (Doc. 27.) After a response (Doc. 30), reply (Doc. 31), and supplemental response in opposition (Doc. 39), the Court submitted a Report and Recommendation on Defendants' motion to dismiss. (Doc. 57.) The Report and Recommendation of this Court was adopted by the District Court on July 29, 2011; the Defendants' motion to strike was denied, but the motion to dismiss was granted. (Doc. 64.) The FAC was dismissed without prejudice. (Id.)

Plaintiff filed a Second Amended Complaint ("SAC") on August 30, 2014. (Doc. 73.) The SAC named the same Defendants and same causes of action, but requested only $900,000 in total damages. (Doc. 73.) Defendants moved to dismiss the SAC on the grounds that Plaintiff failed to exhaust his administrative remedies. (Doc. 76.) Plaintiff's opposition argued that the Prison Rape Elimination Act ("PREA") superseded the exhaustion requirement. (Doc. 104.) On February 27, 2012, this Court recommended the motion to dismiss be granted on exhaustion grounds. (Doc. 106.) After Plaintiff filed an objection, the district court adopted the Court's Report and Recommendation, agreeing that, "there is no set of facts that Porter could allege to overcome the lack of exhaustion." (Doc. 122, at 7.)

Plaintiff appealed to the Ninth Circuit Court of Appeals on July 23, 2012. (Doc. 124.) The Ninth Circuit agreed that "the district court properly dismissed Porter's [SAC] because Porter did not properly exhaust the prison grievance process with respect to his claims and failed to provide sufficient evidence to show that administrative remedies were effectively unavailable." (Doc 133, at 3.) The Ninth Circuit affirmed in part, vacated in part, and remanded to the district court for entry of an order dismissing Plaintiff's unexhausted claims without prejudice. (Id.) On remand, the district court entered and Order Dismissing the Action Without Prejudice, on July 31, 2013. (Doc. 134.)

Not to be deterred, on August 15, 2013 Plaintiff filed a Third Amended Complaint ("TAC") alleging the same causes of action and same Defendants, requesting injunctive relief and $5.4 million in total damages. (Doc. 135, at 7.) However, Plaintiff now alleges he has previously sought and exhausted all forms of informal or formal relief from the proper administrative officials. (Id. at 6.)

Now before the Court is Defendants' Motion to Dismiss Plaintiffs TAC, filed on November 21, 2013. (Doc. 150.) Defendants argue that this Court does not have subject matter jurisdiction, or alternatively, that Plaintiff has failed to exhaust his administrative remedies. (Doc. 150-3.) Plaintiff filed a response in opposition on January 10, 2014. (Doc. 164.)

### III.  DISCUSSION

Defendants argue that the Ninth Circuit's memorandum of decision (Doc. 133) upholding the District Court's dismissal of Plaintiff's second amended complaint and remanding for entry of dismissal without prejudice deprives this Court of jurisdiction. (Doc. 150-3, at 13-15.) For the following reasons, the Court agrees and **GRANTS** Defendants' motion to dismiss.

Under the "law of the case doctrine," a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case. United States v. Thrasher, 483 F.3d 977 (9th Cir. 2007). "The

law of the case doctrine states that the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case." Herrington v. County of Sonoma, 12 F.3d 901, 904 (9th Cir.1993) (internal quotations omitted). Because the purpose of the doctrine is to promote judicial finality, it necessarily follows that the law of the case acts as a bar only when the issue in question was actually considered and decided by the first court. See Moore v. Jas. H. Matthews & Co., 682 F.2d 830, 834-35 (9th Cir.1982) (explaining that law of the case principles are analogous to res judicata). Although the doctrine applies to a court's "explicit decisions as well as those issues decided by necessary implication," Eichman v. Fotomat Corp., 880 F.2d 149, 157 (9th Cir.1989) (internal quotations omitted), it "clearly does not extend to issues an appellate court did not address," Luckey v. Miller, 929 F.2d 618, 621 (11th Cir.1991).

Here, the relevant legal issue decided by the Ninth Circuit in its memorandum was whether Plaintiff failed to exhaust his administrative remedies. (Doc. 133, at 3.) The Ninth Circuit held:

> The district court properly dismissed [Plaintiff's] action because [Plaintiff] did not properly exhaust the prison grievance process with respect to his claims and failed to provide sufficient evidence to show that administrative remedies were effectively unavailable.

(Id.) The issue now presented to the Court by Defendants in their motion to dismiss is also whether Plaintiff has failed to exhaust his administrative remedies. (Doc. 150-3, at 15-21.)

Further, it would be necessary to review exhaustion before considering the TAC on its merits. 42 U.S.C. § 1983 (A state prisoner must exhaust his administrative remedies before filing an action under this section); see also Porter v. Nussle, 534 U.S. 516, 520 (2002) (holding that Prison Litigation Reform Act requires prisoners to exhaust administrative remedies); Woodford v. Ngo, 548 U.S. 81, 90–91 (2006) (explaining that "proper exhaustion" requires adherence to administrative procedural rules). Section 1997e(a) mandates that "[n]o action shall

be brought ... until [the prisoner's] administrative remedies ... are exhausted." 42 U.S.C. § 1997e(a). This language clearly contemplates exhaustion prior to the commencement of the action. Exhaustion subsequent to the filing of suit will not suffice. Cf. Booth v. Churner, 532 U.S. 731, 532 U.S. at 738 (2001) ("The 'available' 'remed[y]' must be 'exhausted' before a complaint under § 1983 may be entertained."); see also Neal v. Goord, 267 F.3d 116, 123 (2d Cir.2001) ("[A]llowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court."); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir.1999) ("The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit.")

     Plaintiff now alleges he has satisfied the exhaustion requirements. (Doc. 135, at 6.) However, the Ninth Circuit has already ruled that dismissal is proper in this case because there has not been exhaustion. (Doc. 133, at 3.) Further, the Ninth Circuit upheld the district court's dismissal of the SAC, which stated: "there is no set of facts Porter could allege to overcome the lack of exhaustion..." (Doc. 122, at 7.) Because Plaintiff cannot exhaust administrative remedies during the pendency of the suit, i.e., between the filing of the SAC and TAC, the circumstances since the Circuit Court's ruling have not changed. Freeman, 196 F.3d at 645. Thus, it is inconsequential that Plaintiff now alleges exhaustion has been met. By merely changing the exhaustion allegation and not the parties or causes of action, Plaintiff has effectively re-submitted his SAC.

     If the Court considered the TAC on the merits, the first inquiry will be, necessarily, the very issue already decided by the Circuit Court: exhaustion of administrative remedies. 42 U.S.C. § 1983. That issue has already been ruled upon. (Doc. 133, at 3.) The Court cannot rule on it again. Thrasher, 483 F.3d 977. It is not possible for Plaintiff to assert facts to overcome the exhaustion requirements in his TAC. (Doc. 122, at 7.) Plaintiff could not have exhausted his

1  remedies during the interim between the SAC and TAC. <u>Freeman</u>, 196 F.3d at
2  645. Thus, the first issue addressed by the Court in considering the TAC would be
3  identical to the one addressed by the Ninth Circuit, breaching the law of the case
4  doctrine. <u>Herrington</u>, 12 F.3d 901.

5  Based on the foregoing, the Court recommends Defendant's Motion to
6  Dismiss be **GRANTED**.

## IV.  CONCLUSION

8  The Court submits this Report and Recommendation to United States
9  District Judge Cynthia Bashant under 28 U.S.C. § 636(b)(1)(B) and Local Civil
10 Rule 72.1(c)(1)(d) of the United States District Court for the Southern District of
11 California. For the reasons outlined above, **IT IS HEREBY RECOMMENDED**
12 that the Court issue an Order: (1) approving and adopting this Report and
13 Recommendation, and (2) directing that Judgment be entered **GRANTING** the
14 Motion to Dismiss.

15 **IT IS ORDERED** that no later than **July 30, 2014,** any party to this action
16 may file written objections with the Court and serve a copy on all parties. The
17 document should be captioned "Objections to Report and Recommendation."

18 **IT IS FURTHER ORDERED** that any reply to the objections shall be
19 filed with the Court and served on all parties no later than **August 13, 2014.** The
20 parties are advised that failure to file objections within the specified time may
21 waive the right to raise those objections on appeal of the Court's order. <u>See</u>
22 <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d
23 1153, 1156 (9th Cir. 1991).

24 **IT IS SO ORDERED.**

25

26 DATED: <u>June 25, 2014</u>

Peter C. Lewis
United States Magistrate Judge

28 cc:    The Honorable Cynthia Bashant
        All Parties and Counsel of Record